IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB BARRETT,                           CV. 06-1045-JE

            Plaintiff,            FINDINGS AND RECOMMENDATION

    v.

MAX WILLIAMS, BRIAN BELLEQUE,
and REBECCA PRINSLOW,

            Defendants.

JELDERKS, Magistrate Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution ("TRCI")[1], brings this action pursuant to 28 U.S.C. § 1983 challenging the constitutionality of a fine imposed on him by defendants in a Disciplinary Misconduct Hearing. The court issued a Summary Judgment Advice Notice (#13) to plaintiff on December 12, 2006 advising him of the federal summary judgment

---

[1]    Plaintiff was recently transferred to TRCI. All events relevant to this case occurred while plaintiff was housed in the Intensive Management Unit ("IMU") at the Oregon State Penitentiary ("OSP").

1 - ORDER

standards.   Currently before the court are the parties' cross-motions for summary judgment and plaintiff's motion for a preliminary injunction.  For the reasons which follow, defendants' Motion for Summary Judgment (#18) should be granted, and plaintiff's Motions for Partial Summary Judgment (#25) and for a Preliminary Injunction (#10) should be denied.

**BACKGROUND**

On September 29, 2005, during a routine shakedown of plaintiff's cell, a corrections officer discovered several bound strands of sixteen and one half inch long wire hidden in plaintiff's pillow and a single strand of the same wire folded into a card.  The wire was coaxial cable that had been removed from a radio antenna system.   Plaintiff was charged with possessing a dangerous or deadly weapon or escape device and destruction of property.  Defendants' Motion for Summary Judgment (#18), Exhibit 101, Attachment No. 1, pp. 1-2.

On October 4, 2005, plaintiff was given a formal hearing concerning the above charges.  He admitted that prior to the hearing he had received a copy of his misconduct report, notice of the hearing, notice of his hearing rights, and a copy of the rules prohibiting inmate conduct.  Id at Attachment No. 2, pp. 1-2. Though plaintiff denied he was guilty of the charges, he admitted to possessing the wire.  Id at 2 & 10.  Upon her recitation and review of plaintiff's misconduct report and after giving plaintiff

2 - ORDER

an opportunity to respond to the charges, the hearings officer,
Coleen S. Clemente, found plaintiff in violation of Rules
4j(A)(Possessing a Dangerous or Deadly Weapon or Escape Device) and
1b(C)(Destruction of Property). <u>Id</u> at 11-12. She then imposed a
sanction based on the severity of the rules violations as well as
plaintiff's disciplinary history. Notably, among plaintiff's
numerous prior violations is an incident wherein plaintiff hit a
prison officer between the eyes with a homemade dart consisting of
tightly rolled paper with a copper coaxial cable sharpened at the
end. <u>Id</u> at 7. In addition, Clemente noted that, as an inmate in
the IMU, plaintiff was already segregated. Accordingly,
segregation was unavailable as a possible sanction. <u>Id</u> at 12.
Clemente sanctioned plaintiff to 14 days loss of privileges and a
$200 disciplinary fine. <u>Id</u>.

Prior to sanctioning, plaintiff objected to any fine, and
specifically asked that, if Clemente did institute a fine, she
first conduct a separate fact finding inquiry concerning his
ability to pay. Clemente declined to conduct such an inquiry,
stating that "[w]e've been directed not to consider ability to pay
as part of the fine." <u>Id</u>.

On October 11, 2005, plaintiff timely requested administrative
review of his disciplinary sanction and the hearings officer's
failure to consider plaintiff's ability to pay a disciplinary fine.

3 - ORDER

On October 20, 2005, defendant Prinslow denied plaintiff's administrative appeal.

Plaintiff brings this § 1983 action alleging that defendants violated his Eighth and Fourteenth Amendment rights by imposing an excessive fine and refusing to consider his ability to pay in imposing that fine. In addition, plaintiff alleges that the Oregon statutes do not authorize the Oregon Department of Corrections ("ODOC") to impose disciplinary fines on prisoners. Plaintiff seeks declaratory and monetary relief.[2]

## **STANDARDS**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and "identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(internal citation omitted).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then

---

[2]    Plaintiff contends that he seeks only declaratory and injunctive relief. The court disagrees. While his request that the court find disciplinary fines violate the Eighth and Fourteenth Amendments is declaratory in nature, his request that defendants return to him all monies collected for disciplinary fines plus interest is a plea for damages.

4 - ORDER

moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" <u>Intel Corp. v. Hartford Acc. & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991)(quoting <u>Richards v. Neilsen Freight Lines</u>, 810 F2d 898, 902 (9th Cir. 1987)). Plaintiff "must do more than simply show that there is a metaphysical doubt as to the material facts." <u>Matsushita Elec. Industrial co. v. Zenith Radio</u>, 475 U.S. 574, 586 (1986). Rather, he must come forward with sufficient evidence demonstrating to the court that there are genuine issues of material fact to be decided at trial. Fed. R. Civ. P. 56(e).

Plaintiff may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. <u>Celotex Corp.,</u> 477 U.S. at 324. The existence of a genuine issue of material fact may be demonstrated through use of affidavits, depositions, answers to interrogatories, and admissions. Id; see also Fed. R. Civ. P. 56 (c). If "the record taken as a whole could not lead a rational trial of fact to find for the nonmoving party, there is no genuine issue for trial." <u>Matsushita</u>, 475 U.S. at 587 (internal citation omitted).

<u>**DISCUSSION**</u>

I.  **<u>Excessive Fine</u>**.

Plaintiff contends that the $200 fine he received violates the Eighth Amendment's prohibition on the imposition of excessive fines. He argues that a $200 fine is excessive and disproportionate to his alleged misconduct because he has never

5 - ORDER

been compensated for his prison work, and has no way to ever pay his disciplinary fines. Plaintiff's Response to Defendants' Motion for Summary Judgment (#27), pp. 2-3; Plaintiff's Affidavit in Support (#27), pp. 1-2.

The Supreme Court has held that "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." United States v. Bajakajian, 524 U.S. 321, 324 (1998).

In this case, the record before the court supports only the conclusion that plaintiff's fine was calculated using a predetermined grid which accounted not only for the violations at issue, but also took into consideration plaintiff's commission of more than six major rule violations during the previous four years.[3] The Major Violations Grid contained in Oregon's prison regulations authorizes a $200 fine and up to 28 days loss of privileges to penalize possession of a dangerous or deadly weapon or escape device, and authorizes a $75 fine and 14-21 days loss of privileges to penalize destruction of property. Id at Attachment No. 4, p. 26. Based on plaintiff's history and the nature of his offenses, plaintiff cannot establish that the $200 fine was grossly

---

[3]    Plaintiff admits that he has been sanctioned for committing at least 14 major rule violations in the past four years and that several of the violations involved attacks on ODOC staff. Plaintiff's Response to Defendants' Concise Statement of Facts (#27), pp. 1-2.

disproportional to the gravity of his offenses.  Plaintiff's Eighth
Amendment claim therefore fails.

II.  **Due Process**.

    A.   **Ability to Pay Inquiry**.

      Plaintiff contends that he has a liberty and property interest
in the funds in his prison trust account, and that by imposing a
fine without first considering his ability to pay, defendants
violated his due process rights as to that account by imposing a
fine without considering his ability to pay.  Plaintiff's Motion
for Partial Summary Judgment (#25), p. 3.  The court agrees that
plaintiff has a protected property interest in the funds in his
prison trust account and that he is entitled to due process in
connection with any forfeiture of those funds.  See Quick v. Jones,
754 F.2d 1521, 1523 (9th Cir. 1984).

      Plaintiff does not allege that the disciplinary hearing which
resulted in his fine did not comport with the procedural
requirements for prison discipline set out in Wolff v. McDonnel,
418 U.S. 539, 564-66 (1974)(requiring written notice, the
opportunity for a hearing, and a written decision by the fact-
finder).  Instead, he contends that defendants' refusal to consider
his ability to pay during the sanction phase of the hearing
violated his due process rights.

      The narrow set of due process rights delineated in Wolff does
not include a requirement that a disciplinary hearings officer
consider an inmate's ability to pay a fine imposed.  Plaintiff has

7 - ORDER

cited, and I have found, no authority supporting the conclusion that failure consider the ability to pay a fine violates an inmate's due process rights.

The record before the court supports only the conclusion that plaintiff received sufficient process during his disciplinary hearing to be protected against the arbitrary deprivation of his property. In these circumstances that is all that the Constitution requires. Accordingly, plaintiff cannot establish that the absence of a separate hearing or fact finding inquiry to determine his ability to pay a fine constitutes a due process violation.

**B.    Legality of fine.**

Finally, plaintiff alleges that the Oregon statutes do not authorize the Oregon Department of Corrections ("ODOC") to fine prisoners. The court construes this as a due process claim.

The Oregon Court of Appeals previously addressed ODOC's authority to adopt rules permitting fines and "conclude[d] that the 'general policy' of the statutory framework permits the imposition of fines as disciplinary sanctions." Clark v. Schumacher, 103 Or. App. 1, 6, 795 P.2d 1093 (1990). As Oregon's statutory framework permits ODOC to develop regulations to allow for the imposition of fines, plaintiff's constitutional argument must fail as a matter of law.

Because all of plaintiff's § 1983 claims fail as a matter of law, I need not address defendants' contention that defendants are entitled to qualified immunity. As summary judgment for defendants

8 - ORDER

is proper, plaintiff's Partial Motion for Summary Judgment should be denied.

## RECOMMENDATION

For the reasons identified above, defendants' Motion for Summary Judgment (#18) should be GRANTED, and plaintiff's Motion for Summary Judgment (#25) should be DENIED. In addition, because the court has concluded that plaintiff cannot succeed on the merits of his underlying case, his Motion for a Preliminary Injunction (#10) should be DENIED.[4]

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of

---

[4]    A preliminary injunction is appropriate if the plaintiff demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) the existence of serious questions going to the merits and the balance of hardship tips sharply in the plaintiff's favor. <u>Sony Computer Entertainment Am., Inc. v. Bleem, LLC</u>, 214 F.3d 1022, 1025 (9th Cir. 2000); <u>Prudential Real Estate Affiliates v. PPR Realty, Inc.</u>, 204 F.3d 867, 874 (9th Cir. 2000).

9 - ORDER

a party's right to appellate review of the findings of fact in order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this  29th  day of March, 2007.

/s/ John Jelderks
John Jelderks
United States Magistrate Judge

10 - ORDER